[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13264
Non-Argument Calendar
_____

D.C. Docket No. 6:10-cr-00131-JA-GJK-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANKLIN JOHNSON,
a.k.a. "J",
a.k.a. Franklyn Bonnel Johnson,
a.k.a. Franklin Bonnell Johnson,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 5, 2013)

Before CARNES, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Franklin Johnson appeals his 180-month sentence, the mandatory minimum prescribed by the Armed Career Criminal Act, after he pleaded guilty to unlawfully possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Johnson contends that the district court erred in imposing a sentence enhancement under the ACCA and U.S.S.G. § 4B1.4. He also challenges the district court's calculation of his criminal history score under the sentencing guidelines.

## I.

Johnson was indicted on four counts of distributing either cocaine or crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Pursuant to a written plea agreement, Johnson pleaded guilty to one of the felon-in-possession counts in exchange for the dismissal of the remaining counts. In his plea agreement, Johnson admitted that he sold cocaine, crack cocaine, and firearms to an undercover agent, and that he had seven prior felony convictions in Florida, including a 1998 conviction for the sale or delivery of cocaine, a 2004 conviction for aggravated assault on a police officer, and a 2004 conviction for being a principal in the sale or delivery of a controlled substance within 1,000 feet of a church.

Johnson's presentence investigation report calculated a base offense level of 26 under U.S.S.G. § 2K2.1(a)(1), with a four-level increase under §

2

2K2.1(b)(6)(B) for possessing a firearm in connection with a felony drug trafficking offense and a three-level reduction for acceptance of responsibility, yielding an adjusted offense level of 27. The PSR indicated that Johnson had 18 prior convictions, including four entered on June 6, 2000, and another two entered on June 30, 2004, and the PSR assessed a total of 15 criminal history points, which resulted in a criminal history category of VI. The PSR concluded, however, that Johnson was subject to a sentencing enhancement under the ACCA and U.S.S.G. § 4B1.4 because he had three prior convictions for a violent felony or serious drug offense—namely, his convictions for the sale or delivery of cocaine, aggravated assault, and being a principal in the sale or delivery of a controlled substance. Based on his status as an armed career criminal, the PSR assigned an enhanced base offense level of 34, a total offense level of 31 after the three-level adjustment for acceptance of responsibility, and an automatic criminal history category of VI under U.S.S.G. § 4B1.4(c)(2) because he possessed a firearm in connection with a controlled substance offense. Johnson's advisory guidelines range was 188 to 235 months imprisonment, with a mandatory minimum sentence of 15 years under the ACCA. See 18 U.S.C. § 924(e)(1).

Johnson objected to his designation as an armed career criminal, arguing that his aggravated assault conviction did not qualify as a violent felony and his conviction for being a principal in the sale or delivery of a controlled substance did

3

not qualify as a serious drug offense.  He also objected to the calculation of his criminal history score, asserting that the convictions for which he was sentenced on the same day should not be scored separately and that the government failed to prove that he was the person convicted of a number of the offenses listed in the PSR.  The district court overruled Johnson's objections and adopted the PSR's guidelines calculations.  The court, however, varied downward from the calculated guidelines range, sentencing Johnson to the mandatory minimum sentence of 180 months imprisonment.

## II.

Johnson contends that the district court erred in imposing a sentencing enhancement because his Florida convictions for being a principal in the sale or delivery of a controlled substance and aggravated assault on a police officer are not qualifying offenses under the ACCA.

We review de novo whether a conviction qualifies as a predicate offense under the ACCA.  United States v. James, 430 F.3d 1150, 1153 (11th Cir. 2005).  The ACCA imposes an enhanced 15-year mandatory minimum sentence for any convicted felon who possesses a firearm or ammunition after having been convicted of three violent felonies or serious drug offenses.  18 U.S.C. § 924(e)(1).  The ACCA defines a "serious drug offense," in relevant part, as "an offense under State law, involving manufacturing, distributing, or possessing with intent to

4

manufacture or distribute, a controlled substance [as defined by 21 U.S.C. § 802],"
which carries a maximum term of at least ten years imprisonment.  18 U.S.C. §
924(e)(2)(A)(ii).  A "violent felony" is defined, among other things, as any crime
punishable by more than one year imprisonment that "has as an element the use,
attempted use, or threatened use of physical force against the person of another."
Id. § 924(e)(2)(B)(i).  In determining whether a conviction qualifies as a predicate
offense for ACCA purposes, courts generally apply a categorical approach, looking
no further than the fact of conviction and the statutory definition of the offense.
United States v. Palomino Garcia, 606 F.3d 1317, 1336 (11th Cir. 2010).

Johnson asserts that his conviction under Fla. Stat. § 893.13(1)(e) for being a
principal in the sale or delivery of a controlled substance is not a "serious drug
offense" within the meaning of the ACCA because it does not involve the
manufacture or distribution of a controlled substance, and the ACCA's definition
does not specifically mention "selling" or "delivery."  Florida Statute §
893.13(1)(e) makes it unlawful for a person to "sell, manufacture, or deliver . . . a
controlled substance . . . within 1,000 feet of a physical place of worship . . . ."
Fla. Stat. Ann. § 893.13(1)(e).  Contrary to Johnson's contention, a conviction
under the statute for selling or delivering a controlled substance necessarily
amounts to "distributing" a controlled substance within the meaning of the ACCA.
Under federal law, the term "distribute" means "to deliver," which, in turn, denotes

any "transfer of a controlled substance." 21 U.S.C. § 802(8), (11). The fact that the ACCA does not specifically use the terms "sell" or "deliver" is irrelevant because distribution of a controlled substance encompasses, as a matter of definition, any method of transferring a controlled substance, including sale or delivery. Johnson's Florida conviction for being a principal in the sale or delivery of a controlled substance does qualify as a serious drug offense under the ACCA.

Johnson also contends that his conviction for aggravated assault does not qualify as a violent felony under ACCA. Florida's aggravated assault statute, Fla. Stat. § 784.21, defines the offense as an assault that is either committed "[w]ith a deadly weapon without intent to kill" or "[w]ith an intent to commit a felony." Fla. Stat. Ann. § 784.021(1). An assault, in turn, involves "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." Id. § 784.011. If the victim of an aggravated assault is a law enforcement officer, the offense is enhanced from a third-degree felony to a second-degree felony, which is punishable by up to 15 years imprisonment. Id. §§ 784.07(2)(c), 775.082(3)(c). Johnson's argument is foreclosed by our recent decision in Turner v. Warden Coleman FCI (Medium), No. 10-12094, slip op. at 16–17 (11th Cir. Feb. 22, 2013), which held that a Florida conviction for aggravated assault categorically qualifies as a violent felony

under the ACCA because, by requiring an "intentional, unlawful threat by word or act to do violence to the person of another it," it necessarily includes "as an element the . . . threatened use of physical force against the person of another."

Johnson nevertheless contends that neither conviction can, or should, be used to enhance his sentence because he is actually innocent of his aggravated assault conviction and Fla. Stat. § 893.13(1)(e) is facially unconstitutional, as it lacks a mens rea requirement, regulates inherently innocent conduct, and imposes unduly harsh penalties.  A defendant in a federal sentencing proceeding, however, may not collaterally attack the validity of a prior state conviction used to enhance his sentence under the ACCA unless that conviction was obtained in violation of his right to counsel.  Custis v. United States, 511 U.S. 485, 487, 114 S.Ct. 1732, 1734 (1994).  Because Johnson does not allege that he was denied counsel during the relevant state criminal proceedings, he cannot collaterally challenge the validity of his prior convictions in this proceeding.  Accordingly, the district court did not err in determining that Johnson qualified for an enhanced sentence under the ACCA.

## II.

Johnson also challenges the district court's calculation of his criminal history category, arguing that the court erred in separately scoring several of his prior convictions and that the government failed to prove that he was convicted of

7

a number of the offenses listed in the PSR.  The government responds that Johnson's claim is barred by the appeal waiver contained in his plea agreement, which precludes Johnson from challenging his sentence "on any ground, including the ground that the [district court] erred in determining the applicable guidelines range," except on grounds that it exceeds the guidelines range as determined by the district court, exceeds the statutory maximum, or violates the Eighth Amendment.[1]

Sentence appeal waivers are valid and enforceable when made knowingly and voluntarily.  United States v. Bushert, 997 F.2d 1343, 1350–51 (11th Cir. 1993).  To establish that an appeal waiver was knowing and voluntary, the government must show either that (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver.  Id. at 1351.

Johnson knowingly and voluntarily waived his right to appeal the district court's calculation of the applicable guidelines range, which includes the computation of his criminal history score.  During his plea colloquy, the district court reviewed the appeal waiver and Johnson indicated that he understood that he

---

[1] The government, for good reason, does not contend that the appeal waiver bars Johnson's challenge to the ACCA enhancement.  Absent that enhancement, Johnson was subject to a statutory maximum sentence of 10 years imprisonment.  18 U.S.C. § 924(a)(2).  Because the ACCA imposes a mandatory minimum sentence of 15 years imprisonment, which exceeds the otherwise applicable statutory maximum, Johnson's challenge to the enhancement squarely falls within the appeal-waiver exception for challenges to a sentence on the ground that it exceeds the statutory maximum.

was giving up his right to challenge his sentence except on the grounds specifically listed in the plea agreement. Because Johnson's challenge to the calculation of his criminal history score does not fall within any of the enumerated exceptions to the appeal waiver, his argument is barred. Moreover, even if Johnson had not waived the issue, any error that the district court may have committed in calculating his criminal history score is harmless. Because he was properly classified as an armed career criminal and possessed a firearm in connection with a controlled substance offense, Johnson would have had a criminal history category of VI under U.S.S.G. § 4B1.4(c)(2), regardless of his criminal history score. See U.S.S.G. § 4B1.4(c)(2).

For these reasons, we affirm the district court's application of the ACCA sentencing enhancement and dismiss Johnson's appeal to the extent that he challenges the calculation of his criminal history score under the sentencing guidelines.

**AFFIRMED IN PART, DISMISSED IN PART.**